**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gina V.,[1]                                          Case No. 25-cv-3757 (DJF)

        Plaintiff,

v.

                                        **ORDER**

Frank Bisignano,
*Commissioner of Social Security*,

        Defendant.

Pursuant to 42 U.S.C. § 405(g), Plaintiff Gina V. ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Commissioner") September 24, 2024 decision denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Decision"). This matter is before the Court on the parties' briefs.[2]  Plaintiff argues the Decision was erroneous because the Administrative Law Judge ("ALJ") failed to properly explain her failure to adopt limitations to brief and superficial contact others, which were included in medical opinions the ALJ deemed "persuasive".  Because Eighth Circuit precedent forecloses the argument Plaintiff advances, Plaintiff's request for relief (ECF No. 16) is denied, Defendant's request for relief (ECF No. 20) is granted, and this matter is dismissed with prejudice.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in court filings in Social Security matters.

[2] The parties consented to have the undersigned United States Magistrate Judge conduct all proceedings in this case, including entry of the final judgment.

**BACKGROUND**

I.      **Regulatory Background**

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).[3]  In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). The claimant must establish at step two that she has a severe, medically determinable impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  At step three, the Commissioner must find the claimant is disabled if she has satisfied the first two steps and she has an impairment that meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P,

---

[3] The provisions of Title II (DIB) mirror the provisions of Title XVI (SSI) of the Social Security Act.  For simplicity, the Court cites only to the statutory provisions and regulations under Title XVI.

App'x 1 ("Listing of Impairments" or "Listing"). 20 C.F.R. § 416.920(a)(4)(iii).[4] If the claimant's impairment does not meet or is not medically equal to one of the impairments in the Listing, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. 20 C.F.R. § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

## II.    Relevant Procedural History

The ALJ found Plaintiff suffers from several severe mental health impairments, including PTSD, Borderline Personality Disorder, Bipolar Disorder and Anxiety. (R. 13.) Given these impairments, the ALJ assessed Plaintiff's RFC as including the following mental limitations:

> She is limited to simple tasks in a routine work setting, but not at a production rate pace, for example, no assembly line work. She is limited [to] occasional changes in the workplace that are well explained in advance, and occasional interaction with supervisors, coworkers, and the general public.

(R. 15.) In reaching this determination, the ALJ considered the medical opinions and prior administrative medical findings in the record related to Plaintiff's mental health. She rejected the opinion offered by Plaintiff's long-term therapist, Sarah Janzen, MSW/LICSW (R. 325-27), on the ground that it was not adequately supported by Ms. Janzen's own treatment records and was inconsistent with the observations and opinions of consultative psychological examiner Monique

---

[4] The Listing of Impairments is a catalog of presumptively disabling impairments categorized by the relevant "body system" affected. *See* 20 C.F.R Part 404, Subpart P, App. 1.

Bordeaux, Psy. D.  (R. 21.)

The ALJ found four opinions concerning Plaintiff's mental health to be "persuasive", however, including that of Dr. Bordeaux.  (R. 21-23.)  The ALJ noted that Dr. Bordeaux found Plaintiff's "ability to tolerate mental stressors of a workplace was below average" and that Plaintiff's "borderline personality disorder and PTSD avoidance behaviors 'could adversely impact relationships in an employment type setting.'"  (R. 21, quoting R. 514.)  However, the ALJ also quoted Dr. Bordeaux's observation that Plaintiff was "friendly, appropriate with this examiner, and tolerated the interview well."  (*Id.*)

The ALJ also deemed persuasive the opinion of Dr. Alford Karayusuf, M.D., who examined Plaintiff in 2016 at the State agency's request in connection with a previous claim.  (R. 21.)  Dr. Karayusuf determined, in relevant part, that Plaintiff is restricted to "work that involves brief, superficial, infrequent interactions with fellow workers, supervisors and the public."  (R. 22, quoting R. 320.)  In evaluating this opinion, the ALJ noted that it preceded Plaintiff's alleged disability onset date, but she found it persuasive because it was "generally consistent" with that of Dr. Bordeaux.  (R. 22.)  The ALJ further explained, "Dr. Bordeaux's opinion is more persuasive due to its recency and consistency with contemporaneous treatment records from Janzen."  (*Id.*)

The ALJ was additionally persuaded by the opinion of State agency psychological consultant Michael Cremerius, Ph.D.  (R. 22.)  According to the ALJ, Dr. Cremerius limited Plaintiff to "occasional contact with coworkers and supervisors" and "no responsibilities for servicing the public directly."  (*Id.*, citing R. 101-11.)  The ALJ found Dr. Cremerius's opinion persuasive because it was consistent with Dr. Bordeaux's report and opinions and Ms. Janzen's exam reports and treatment notes.  (R. 22.)

Finally, the ALJ also found persuasive the opinion of State agency psychological

consultant Kiela Bolden, Psy. D., who found that Plaintiff could "appropriately respond to others and changes in a work setting." (R. 23, citing R. 78-87.) The ALJ deemed Dr. Bolden's opinion "persuasive" because it was "consistent with Dr. Bordeaux's observations and opinions, and consistent with Janzen's therapy records, though not their opinion statement." (R. 23.)

Given the ALJ's assessment of Plaintiff's RFC in light of these opinions, the ALJ elicited testimony from a vocational expert at Plaintiff's administrative hearing based on a hypothetical person limited to "occasional interaction with supervisors, coworkers, and the general public." (R. 63.) In response to the ALJ's hypothetical, the vocational expert testified that a person with Plaintiff's RFC could perform a variety of alternative jobs in the national economy. (R. 63-64.) The vocational expert further testified that adding a restriction to "no interaction with the general public" would have no impact on Plaintiff's ability to perform the representative jobs the vocational expert identified. (R. 64.)

Based on the vocational expert's testimony, and considering Plaintiff's education, age and work experience, the ALJ determined that Plaintiff is capable of transitioning to jobs that exist in significant numbers in the national economy. (R. 25.) The ALJ therefore concluded that Plaintiff is not disabled. (*Id.*)

## DISCUSSION

### I.      Standard of Review

The Court's review is limited to determining whether the ALJ's Decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence … is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S.

197, 229 (1938)).  This "threshold … is not high."  *Id.*  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision."  *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Remand is warranted, however, when the ALJ's opinion contains factual findings that, "considered in light of the record as a whole, are insufficient to permit [the] Court to conclude that substantial evidence supports the Commissioner's decision."  *Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008); *see also Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual findings were insufficient for meaningful appellate review).  At a minimum, the ALJ must build a logical bridge between the evidence and the RFC she creates.  She does so by "includ[ing] a narrative discussion describing how the evidence supports each conclusion."  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7.  "[T]he [ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  *Id.*; *see also Lee R. v. Kijakazi*, No. 20-cv-1989 (BRT), 2022 WL 673259, at *4 (D. Minn. Mar. 7, 2022) (finding the ALJ failed to create a "logical bridge" between the evidence and her conclusions); *Weber v. Colvin*, No. 16-cv-332 (JNE/TNL), 2017 WL 477099, at *26 (D. Minn. Jan. 26, 2019) (same).

## II.     Analysis

The sole issue Plaintiff raises is whether the ALJ erred in failing either to incorporate limitations included in the opinions the ALJ found persuasive into Plaintiff's RFC, or to articulate a clear rationale for omitting them.  (*See* ECF No. 16 at 11.)  Plaintiff specifically challenges the ALJ's decision to a adopt a limitation restricting Plaintiff to "occasional" interaction with others while omitting limitations to "superficial" or "brief" interactions with others.  Plaintiff argues that

because both Drs. Karayusuf and Cremerius issued "persuasive" opinions limiting Plaintiff to contact that is not only occasional (or infrequent), but also superficial and brief, the ALJ had an obligation either to incorporate those limitations into Plaintiff's RFC or explain why she excluded them.[5]

Numerous judges in this District, including the undersigned, previously held that an ALJ must explain her failure to adopt a "superficial" contact limitation when it is included in medical opinions she deems persuasive. These decisions were rooted in holding that the terms "occasional" and "superficial" are materially distinct, because "occasional" limits the frequency of the interaction but not its length or qualitative depth. *See Kenneth, J.V. v. Kijakazi*, No. 22-cv-373 (KMM/DJF), 2023 WL 2394397, at *7-10 (D. Minn. Jan. 7, 2023) (collecting cases and recommending remand based on ALJ's failure to distinguish between "occasional" and "superficial" contact with others), *report and recommendation accepted*, 2023 WL 2388696 (D. Minn. Mar. 7, 2023); *Troy L.M. v. Kijakazi*, No. 22-cv-119 (TNL), 2022 WL 4540107, at *14-15 (D. Minn. Sept. 28, 2022) (finding material difference between "superficial" contact limitation and "occasional" contact limitation); *Christine F. v. Kijakazi*, No. 21-cv-2048 (NEB/LIB), 2022 WL 3648674 at *5 n.3 (D. Minn., July 27, 2022), *report and recommendation accepted*, 2022 WL 3647808 (D. Minn. Aug. 24, 2022) (holding ALJ had duty to explain failure to incorporate State agency consultant's superficial contact limitation into plaintiff's RFC); *Sanders v. Astrue*, No. 11-cv-1356 (JNE/JJG), 2012 WL 1657922, at *12-13 (D. Minn. April 17, 2012) ("Even a job that requires only occasional interaction could require an employee to engage in prolonged or

---

[5] Plaintiff also argues Dr. Bordeaux's opinion supports a restriction to "superficial" and "brief" interactions in the workplace (*see* ECF No. 16 at 14). But Dr. Bordeaux's opinion does not significantly bolster Plaintiff's contention that the ALJ erred, because it merely states that Plaintiff's conditions might adversely affect her relationships with others; it does not expressly set forth any particular workplace restrictions.

meaningful conversations during those few occasions."), *report and recommendation adopted in relevant part*, 2012 WL 1658988 (D. Minn. May 11, 2012).

But after these opinions were issued, the Eighth Circuit firmly rejected the idea that the terms "occasional" and "superficial" are sufficiently distinct to mandate reversal when one is included and the other is not.  In *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395 (8th Cir. Jan. 26, 2024) (per curiam), the Eighth Circuit addressed this argument as follows:

> [The Plaintiff] argues that the ALJ's reference to "occasional" interactions is inconsistent with the shared opinion of two psychologists, which the ALJ found persuasive, that he could have "superficial" interactions. He reasons that because the terms are different—the former being about quantity and the latter about quality—omitting the psychologists' limitation renders the expert's conclusion unreliable and the ALJ's decision without substantial evidence. … We reject this manufactured inconsistency.

*Id*. at *1; *see also Wyatt v. Kijakazi,* No. 23-1559, 2023 WL 6629761 (8th Cir. Oct. 12, 2023) (per curiam) (finding ALJ did not err in failing to adopt the exact limitations set forth in the opinions she found persuasive regarding interactions with others in the workplace).  In light of these opinions, at least one decision in this District has rejected the argument Plaintiff seeks to advance on the ground that it is barred by Eighth Circuit precedent.  *See Jennifer L. v. Comm'r of the Soc. Sec. Admin.,* No. 23-cv-1822 (KMM/TNL), 2024 WL 4120375, at *5-7 (D. Minn. June 27, 2024), *report and recommendation accepted*, 2024 WL 4003021, at *2 (D. Minn. Aug. 30, 2024). Though Plaintiff's counsel was plainly aware of these contrary precedents,[6] he failed to call the Court's attention to them and did nothing to try to distinguish them in his briefing.  The Court therefore concludes that the argument on which Plaintiff's claim is based is no longer viable in this Circuit.

---

[6] Counsel's law firm represented the plaintiffs in both *Wyatt* and *Jennifer L*.

8

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY**

**ORDERED** that:

1.      Plaintiff's Request for Relief (ECF No. 16) is **DENIED**;

2.      Defendant's Request for Relief (ECF No. 20) is **GRANTED**; and

3.      This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 2, 2026                                    _s/ Dulce J. Foster_____
                                                       DULCE J. FOSTER
                                                       United States Magistrate Judge